UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ANDRES MARTINEZ CARDENAS, | No. 1:26-cv-03923-DJC-AC |
| Petitioner, | |
| | AMENDED RELEASE ORDER |
| v. | A# 201-765-692 |
| WARDEN, KROME NORTH SERVICE PROCESSING CENTER, et al., | |
| Respondents. | |

Petitioner Julio Andres Martinez Cardenas is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Counts 1 and 2 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated in those cases, Petitioner has established that he is entitled to relief. As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).

1

*See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Before this action was transferred to this district, the prior District Judge ordered respondents to show cause under 28 U.S.C. § 2243 why relief should not be granted.  (ECF No. 7.)  Respondents responded, argued that Petitioner should be detained as he failed to exhaust administrative remedies.  (*See* ECF No. 17.)  But the Court sees no basis to impose an exhaustion requirement where Petitioner is entitled to a bond hearing under statute but has not been timely provided with one.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 1 and 2, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Julio Andres Martinez Cardenas from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

Dated:  May 22, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

3